White, J.
The judgment in this case must be affirmed. Before the plaintiffs can be entitled to a peremptory writ of mandamus against the defendant, they are required to show that he is in default in respect to the performance of an act which the law specially enjoins as a duty resulting from his office. The present is not a case where property is off' the duplicate, and is thus escaping taxation. In such case, it is made the duty of the auditor to inform himself and see that the property is brought on the duplicate. No property is escaping taxation in the case before us. The object sought is to have property, which is taxed in the name of the plaintiff's, transferred to the name of another party to whom it has been assigned or conveyed. The duties of the county auditor, in such case, are found in section 13 of the act of April 18, 1870, prescribing the duties of county auditors. 67 Ohio L. 105.
The section, so far as relates to the duty of the auditor, is as follows:
“The county auditor shall, on application and presentation of title, with such affidavits as may be required by law, or the proper order of a court, transfer any laud or town lot, or part thereof, charged with taxes ou the duplicate, from the name in which it may stand into the name of the owner, whenever rendered necessary by any conveyance, partition, devise, descent, or otherwise; and if, by reason of the conveyance or otherwise, a part only of any tract or lot, as charged on the duplicate, is to be transferred, the party or parties desiring the transfer shall make satisfactory proof of the value of such part as compared with the valuation of the whole, as charged on the duplicate, before the transfer shall be made; and the auditor shall indorse on the deeds or other evidences of title presented to him, *476 that the proper transfer of the real estate therein described has been made in his office,” . . . “ and sign his name thereto.”
The plaintiffs do not appear to have taken the steps required to be taken by this section, before it becomes the duty of the auditor to make a transfer of property on the •duplicate. No evidence of the title of the Young Men’s Mercantile Libi’ary Association to the property which it is ■sought to have transferred, was presented to the auditor; nor was there proof made of the value of such property as compared with the valuation of the whole property as it ■stood charged on the duplicate. Both steps were necessary 'before the defendant could be required to make the transfer. In a proceeding of this nature it is not sufficient to •show that the officer omitted or refused to do the act which it is sought to compel him to perform. The facts must also be shown which made if his duty to do the act.
True, the plaintiffs presented to the auditor a statement comprUing the facts, and requested him. to have the interest •and estate of the association, in said premises, valued and placed on the tax-duplicate in the name of the association. But this was not a compliance with the statute. The evidence on which the auditor is to act, in making the transfer, is prescribed by the statute, and he can be required to act on no other.
~We are by no means satisfied that such rights and interests as the Mercantile Library Association has in the building and in the ground for its support, where such appears to have been the intention of the parties in the instrument creatiug them, can not, under the tax laws of this ■state, be entered on the duplicate for taxation, in the name •of the association. This is the question that has been argued by the counsel of both the parties. But our conclusion upon it can not affect the judgment to be pronounced in the case before us. Nor, we may add, tlo we see how-the substantial rights of the parties, under the ■contract, can be made to depend on whether the auditor does or does not list such property in the name of the asso *477 ciafion. The taxes are lovieci in respect to or on account of the property, in whosoever’s name it may be entered on the duplicate. It was, of course, competent for the parties), if they saw proper to do so, to make the liability of the-, association for taxes contingent upon the then state of the law, and the changes that might thereafter occur as to the mode of listing and taxing the property. The question is-whether such is the intention as evinced by the contract; whether the parties, in contracting in respect to rights of property of so much value, and which they contemplated, might last forever, intended the operation of the stipulation, as to the taxes, to be thus uncertain and contingent.

Judgment affirmed,.